# Richmond.

LOUIS SNYDER AND LARRY COHEN v. EDITH FATHERLY.

January 16, 1930.

Absent, Chichester and Epes, JJ.

The opinion states the case.

*Jas. G. Martin*, for the plaintiff in error.

*Herman A. Sacks* and *Henry Legum*, for the defedants in error.

PER CURIAM.

Edith Fatherly, hereafter called plaintiff, recovered a judgment against Louis Snyder and Larry Cohen, hereafter called defendants, for slander and insulting words.

The case was twice tried. On the first trial Sol Snyder was also a party defendant, and the jury returned a verdict in favor of the plaintiff against all three defendants for $1,500.00, which was set aside by the court. Before the second trial, the case was dismissed as to Sol Snyder and the second trial resulted in the verdict and judgment in favor of the plaintiff for $3,000.00, of which these defendants complain.

Louis Snyder and his son, Sol Snyder, were the owners of a large dry goods store in the city of Norfolk, Virginia, of which Larry Cohen, defendant, was one of the managers. The plaintiff was a clerk in this store. Cohen received information from Miss Rhoden, the cashier, and Mrs. H. C. Land, the assistant bookkeeper, that they had just seen the plaintiff, from the balcony, steal silk stockings and take them towards the back of the store. Hattie Singleton, another employee testified that she heard this conversation between Larry Cohen and Louis Snyder: "I heard Mr. Cohen on the second floor tell Mr. Snyder that Mrs. Fatherly was fixing to steal something, and he said: 'See what it is and where she puts it.' " Later in the afternoon of the same day the plaintiff testified that she overheard the following conversation between Cohen and Snyder, the defendants: "I heard Mr. Cohen say, 'Mrs. Fatherly is stealing something;' and Mr. L. Snyder said: 'Watch her;' and Mr. Sol Snyder said: 'See what she is getting and where she puts it.' "

L. Cohen then was informed by two apparently reliable employees that the plaintiff was stealing silk stockings from her employers. It was not only his right but his duty to report this information to his employers. In addition, L. Snyder and the two employees testified that they saw the plaintiff steal the hose. Whether the language used by the defendants of and concerning the plaintiff was used on an occasion of qualified privilege was a question of law for the court. We hold that the occasion was one of qualified privilege. Whether the defense of privilege was lost because abused was one of the questions at issue.

The plaintiff denied stealing the hose or any other article, and testified that Larry Cohen had sworn falsely against her. Another witness testified that the

plaintiff did not enter the hosiery department of the store on the day the property was claimed to have been stolen. L. Snyder and his witnesses testified to the contrary as stated.

The defendants had pleaded the general issue and filed a special plea of truth, and the trial resulted in the verdict for the plaintiff. As to a material fact put in issue by the plea of truth or justification there is an irreconcilable conflict in the testimony.

The defendants allege that the court erred—

(1) In not setting aside the verdict as contrary to the law and the evidence and without evidence to support it, and not entering judgment for the defendants;

(2) In not setting aside the verdict as excessive;

(3) In granting instructions for the plaintiff; and

(4) In refusing the instruction asked for by the defendants.

One of the instructions granted on motion of the plaintiff is number 4 which reads:

"4. The court instructs the jury that in this case the defendants have filed a plea of justification, to the effect that plaintiff stole hose.

"If you believe, from the evidence, that the defendants have not established the truth of their plea of justification, you may take this fact into consideration in determining whether the defendants have been actuated by malice or not in using language complained of."

We concur with the contention of the defendants that the giving of this instruction No. 4 constitutes prejudicial error against them. It is not true that the mere failure of these defendants to convince the jury by a preponderance of the testimony of the truth of their plea of justification, may be taken into considera-

tion by the jury in determining whether the defendants were actuated by malice in using the language complained of.

An instruction similar to instruction No. 4 was given in *Ramsay* v. *Harrison*, 119 Va. 687, 89 S. E. 977, but it was approved there because the truth was pleaded without any evidence to support the plea; thus simply repeating the slander. In that case the court said, at page 709 of 119 Va., 89 S. E. 985: "If anything were lacking beyond the letter of August 12, 1913, sued on, and the evidence to which we have adverted to prove to the satisfaction of the jury that said letter was written and published in hatred and malice on the part of the defendant towards the plaintiff, and wholly without justification, it appears in the evidence given by her before the jury when she took occasion to say: 'I don't think Hugh (meaning the plaintiff) realizes what he is doing or what he says. I think Westover and everything connected with it has become an obsession with him, and that if he cannot have it he would be glad to destroy part of it, perhaps, I don't know.' And on cross-examination she made the statement that she was afraid of the plaintiff; that she was afraid to have him on her place; that she was afraid he would set fire to her place and destroy her property; which statements were made without the least evidence in the case to justify them."

In the instant case, there was strong and impressive evidence which if true sustains the plea of justification, Miss Rhoden and Mrs. Land testified most positively and apparently in good faith that they saw the plaintiff steal.

In 36 Corpus Juris, page 1237, the law is stated thus: "The true rule as to the effect of filing a plea of truth or justification which the defendant is not suc-

cessful in proving to the satisfaction of the jury, is that such plea can be considered on the question of malice only where it has no reasonable evidence to support it, as where it is filed without reasonable evidence to support it, there is not a *bona fide* attempt to prove truth, but a mere repetition of the slander."

"If a plea of justification is made in good faith and evidence is introduced honestly for the purpose of supporting it, such evidence should be considered by the jury in mitigation of damages, although it is insufficient to prove the truth of the plea." 36 C. J., page 1237.

Since the case was heard here, of the judges who participated in the hearing and subsequent conferences, one has died and another has been disabled by sickness. At these conferences all were, and those now participating are now, agreed as to the reversible error in the giving of this instruction No. 4, but there were, and are, differences of opinion as to some of the other assignments of error, and these differences have never been reconciled. Under these circumstances we have determined to reverse the judgment and remand the case for a new trial without prejudice to any of the litigants.

*Reversed and remanded.*